PER CURIAM.
M.S. (“the mother”) appeals from an order adjudicating her minor child, J.B., dependent. We reverse.
The police investigated J.B.’s father in connection with a drug sting. When police officers went to arrest J.B.’s father, the mother opened the door to the home. J.B. was watching television in the room. Upon searching the home, the officers found unsecured weapons and drug paraphernalia in a bedroom closet. A relative took J.B. away and the officers arrested both parents. The next day, the police released the mother, and the State dismissed the charges against her. Thereafter, the Department of Children and Families (“DCF”) took custody of J.B. and filed a petition to have the child declared dependent as to both the father and the mother.
At the adjudicatory hearing, there was conflicting evidence concerning whether the mother and J.B. lived with the father. The mother testified that they did not live with the father, but the grandfather testified that they did. Both the mother and J.B.’s grandfather testified that the father kept the door to his bedroom locked. The mother also stated that she never left J.B. alone in the bedroom.
The trial court determined that DCF proved that both the father and the mother neglected the minor child by allowing J.B. to live in an environment that causes the child’s physical, mental, or emotional health to be significantly impaired. The trial court adjudicated J.B. dependent as to both the father and the mother. The mother appeals from this adjudication.
The mother asserts that the trial court erred in finding that she neglected J.B. because the evidence did not prove that *575 the mother allowed the child to live in an environment which caused the child harm. DCF contends that the trial court’s ruling is supported by competent and substantial evidence. We agree with the mother.
Section 39.01(44), Florida Statutes (2010), defines “neglect” as occurring when “a child is permitted to live in an environment when such ... environment causes the child’s physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.” Therefore, to adjudicate dependency based on neglect, the trial court must find that the child’s physical, mental, or emotional health has been, or is at risk of being, significantly impaired. K.R. v. Dep’t of Children & Families, 784 So.2d 594, 598 (Fla. 4th DCA 2001).
Here, DCF alleged neglect based on the father selling drugs out of the home and the presence of the unsecured weapons. The evidence, however, did not support these allegations. Assuming, arguen-do, that the mother and child lived with the father, DCF presented no evidence that the father sold drugs out of the home. The father’s arrest resulted from a sting operation away from the home.
With regard to the weapons, both the mother and the grandfather testified that the father kept his bedroom door locked. The mother further testified that she did not leave J.B. alone inside the bedroom. Consequently, although the weapons themselves may have been unsecured, the child did not have access to the weapons.
Additionally, DCF presented no evidence showing that J.B.’s physical, mental or emotional health was significantly impaired or was at risk of such impairment. Thus, the evidence did not meet the statutory requirements for a dependency adjudication based on neglect.
Accordingly, we reverse the trial court’s adjudication order.
Reversed and remanded.